FILED
2016 APR 20 AM 10: 10
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY AO
DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**JOSE MORAN,**

**Plaintiff,**

**-vs-** **Case No. A-15-CA-769-SS**

**TYLER SUMMERS and THE CITY OF PFLUGERVILLE,**

**Defendant.**

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Tyler Summers and the City of Pflugerville's Opposed Motion for Leave to Designate Responsible Third Party [#20]; and Plaintiff Jose Moran's Response [#24] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

This is a civil rights action brought by Plaintiff Jose Moran, a diabetic, against Defendants Tyler Summers and the City of Pflugerville (collectively, Defendants). Moran alleges the following facts:

Summers, a Pflugerville police officer, arrested Moran for driving while intoxicated and transported him to the Travis County jail. Summers was aware Moran was diabetic. When he arrived at the jail, Moran underwent a basic medical evaluation. The Travis County jail medical staff refused to admit Moran, concluding his high blood sugar levels required emergency medical

attention. Summers then drove Moran to Brackenridge Hospital and, rather than checking him into the emergency room, dropped him off on the curb and removed his handcuffs. Moran, who was in a confused and unsteady state, wandered away from the emergency room and was struck by a cement truck in a hit-and-run accident. The truck driver was never identified.

Moran alleges violations of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131, section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983. Moran alternatively brought state law negligence claims against Seton Family of Hospitals d/b/a University Medical Center Brackenridge, but these claims have been dismissed with prejudice. *See* Ord. Dismissal [#13]. Only the federal causes of action against Defendants remain.

On March 18, 2016, Defendants jointly filed the instant motion seeking to designate the unidentified cement truck driver as a responsible third party pursuant to TEX. CIV. PRAC. & REM. CODE § 33.004. Moran opposes this motion on the grounds Texas' proportionate responsibility scheme conflicts with federal law and thus may not be applied in this lawsuit.

**Analysis**

The Court finds it would be inappropriate to designate the unnamed cement truck driver as a responsible third party pursuant to § 33.004 in this case.

Section 33.004 of the Texas Civil Practice and Remedies Code provides that a "defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." A "responsible third party" is defined as:

> [A]ny person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. PRAC. & REM. CODE § 33.011(6). Once designated, a responsible third party is added to the list of persons the trier of fact may consider for purposes of apportioning fault in "any action based on tort." *Id.* §§ 33.002, 33.003(a).[1] Designating a responsible third party can affect the amount of a plaintiff's recovery because a defendant "is liable to a claimant only for the percentage of damages found by the trier of fact equal to that defendant's percentage of responsibility with respect to the . . . harm for which the damages are allowed." *Id.* § 33.013(a).

Several district courts have concluded that the designation of a responsible third party under § 33.004 does not conflict with the Federal Rules of Civil Procedure and is therefore permissible in diversity and federal question cases applying Texas substantive tort law. *See, e.g.*, *Eisenstadt v. Tel. Elecs. Corp.*, Civ. A No. 3:06-CV-1196-0, 2008 WL 4452999, at *1 (N.D. Tex. Sept. 30, 2008) (diversity); *Davis v. Dall. Cty.*, No. 3:07-CV-0318-D, 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007) (federal question). The same is not true for suits involving causes of action arising under federal statutory law, such as the case at bar.[2]

In *Mims v. Dallas County*, a Northern District court addressed the applicability of Texas' proportionate liability scheme to claims brought under § 1983. No. 3:-04-CV-2754-M, 2006 WL

---

[1] Importantly, a responsible third party is not actually a "party" to the suit and "a finding of fault against the person . . . does not by itself impose liability on that person." TEX. CIV. PRAC. & REM. CODE § 33.004(i). "Further, responsible third parties are no longer limited to those who are liable to plaintiff, whose identity is known, or who is not even subject to the court's jurisdiction." *Bueno v. Cott Beverages, Inc.*, No. Civ.A. SA04-CA24XR, 2005 WL 647026, at *2 (W.D. Tex. 2005). According to one commentator, "[i]n Texas tort law, the 'responsible third party' is anything but. He is not really a 'party,' and he is not really 'responsible.' He has but one reason to exist: that is, to allow a liable defendant to avoid joint and several liability." David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 870 (2005).

[2] Separately, the Court is not convinced § 1983 claims or claims arising under the ADA or Rehabilitation Act are "based in tort" for purposes of § 33.004. *See JCW Elects., Inc. v. Garza*, 257 S.W.3d 701, 705 (Tex. 2008) ("Reading the statute as a whole, section 33.003 reveals that a 'cause of action based on tort' includes negligence, products liability, and any other conduct that violates an applicable legal standard, such as the tort aspect of an implied warranty."). However, because the parties have not briefed the issue, the Court declines to resolve the dispute on this basis.

398177, at *6 (N.D. Tex. Feb. 17, 2006). *Mims* involved a civil rights action brought by three former inmates of the Dallas County Jail alleging the defendants failed to provide adequate medical care and treatment of mentally ill inmates in violation of the ADA, the Rehabilitation Act, and the Fifth, Eighth and Fourteenth Amendments. *Id.* at *1. Dallas County sought to designate its contract medical care provider, The University of Texas Medical Branch at Galveston (UTMB), as a responsible third party under § 33.004. *Id.*

Acknowledging that federal courts "have not hesitated to apply state laws, such as wrongful death and survival statutes, to further the purposes of section 1983," the court found the Texas proportionate responsibility scheme was not applicable because it would conflict with the policies underlying civil rights litigation—compensation and deterrence. *Id.* at *6. Permitting the designation of a responsible third party would allow the joined defendants to avoid joint and several liability for any wrongful conduct, which in turn would likely prevent the plaintiff from receiving full compensation for their injuries. Such a result "would benefit the [defendants], the parties whose conduct is regulated by 42 U.S.C. § 1983, not plaintiffs, the parties protected by statute," and thus would be "inconsistent with the Constitution and laws of the United States." *Id.* (citing 42 U.S.C. § 1988).

The Court finds *Mims* persuasive. With respect to Moran's § 1983 claims for violations of his Fourteenth Amendment rights, permitting Defendants to designate the cement truck driver as a responsible third party would be inconsistent with the purpose of civil rights litigation. Indeed, because the cement truck driver has not been identified, designating him as a responsible third party would necessarily reduce Moran's recovery by the percentage of fault attributed to the driver. Allowing Defendants to avoid joint and several liability in this manner eliminates the likelihood

Moran could fully recover for his injuries and diminishes the deterrent of effect of § 1983. These outcomes are in direct conflict with the policies underlying federal civil rights claims. Further, refusing to designate the cement truck driver as a responsible third party is consistent with the weight of authority holding theories of comparative negligence and contribution inapplicable to federal constitutional rights violations. *See, e.g.*, *McHugh v. Olympia Entm't*, 37 F. App'x 730, 736–37 (6th Cir. 2002); *Hepburn v. Athelas Inst., Inc.*, 324 F. Supp. 2d 752, 759 (D. Md. 2004); *Burge v. Parish of St. Tammany*, Civ. A. No. 91-2321, 1995 WL 317125, at *3 (E.D. La. May 24, 1995).

The Court likewise finds it inappropriate to designate the unidentified cement truck driver as a responsible third party with respect to Moran's claims for violation of the ADA and Rehabilitation Act because doing so would be inconsistent with the purpose of federal anti-discrimination laws—to eliminate discrimination against individuals with disabilities and to compensate for intentional discrimination. *See, e.g.*, *Delano–Pyle v. Victoria Cty.*, 302 F.3d 567, 574 (5th Cir. 2002) ("The ADA is a federal anti-discrimination statute designed to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." (internal citations and quotation marks omitted)).[3] Again, applying the Texas proportionate liability scheme to these claims would very likely reduce the liability of Defendants, which in turn would diminish the statutes' deterrent effect and reduce the likelihood Moran could be made whole.

---

[3] The court did not need to reach this issue in *Mims* because the defendants conceded that § 33.003 did not apply to the statutory causes of action under the ADA and the Rehabilitation Act. *Mims*, 2006 WL 398177, at *5.

## Conclusion

The Court stops short of announcing a categorical rule Texas' proportionate liability scheme is never applicable in federal question cases applying federal statutory law. However, for purposes of Moran's civil rights claims, the Court finds it would inconsistent with federal law to permit Defendants to invoke § 33.004 to avoid joint and several liability and in turn avoid fully compensating Moran for his injuries.

Accordingly,

IT IS ORDERED that Tyler Summers and the City of Pflugerville's Opposed Motion for Leave to Designate Responsible Third Party [#20] is DENIED.

SIGNED this the 19th day of April 2016.

Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE